POLEN, Judge,
concurring in part and dissenting in part.
I agree with the majority’s per curiam affirmance as to all issues but one. I would reverse as to the trial court’s determination of child support. It appears the trial court may have violated the provisions of section 61.80(l)(a), Florida Statutes (1993) as to deviating from the guidelines more than five percent (plus or minus) without giving written reasons therefor. I am constrained to confine this analysis by the qualifying words “it appears,” because the problem is further compounded by the absence from the final judgment of an express finding as to what the husband’s actual (or imputed) income is. However, using the wife’s analysis, there would be a greater than five percent deviation below the guidelines. The husband’s argument does not seem to dispel this apparent error. I would reverse for more complete findings of fact to either support the amount of child support awarded, or correct the award to comply with section 61.30(l)(a). Such remand would not, in my view, require revisiting the balance of the final judgment, which I agree does not demonstrate any abuse of discretion.